REQUESTED BY: Senator Steve Wiitala Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Wiitala:
This is in reply to your inquiry pertaining to LB 446 of the Eighty-eighth Legislature, First Session (1983). Perhaps your inquiry can best be understood by first stating a cursory digest of this legislative bill and then your inquiry.
It is the intent of LB 446, pursuant to section 1 thereof, to provide a systematic method for promoting the professional growth of school personnel in their job performance and to improve the educational system of the state. Section 2 of LB 446 would create a Professional Staff Development Fund. Any funds appropriated thereto could only be used for staff development of school personnel as provided in the act. To be eligible to receive funds pursuant to the act, a school district or a cooperative of school districts would be required to submit an application to the State Department of Education for approval. Section 3(1) of LB 446 mandates that the application must include, inter alia, proof of the creation of a local staff development policy board or a staff development board for a cooperative of school districts and section 3(7) mandates that the application must designate a `fiscal agent, which shall be a school board, acting on behalf of a cooperative or on its own behalf.' You state that there has been some discussion of amending section 3(7) of LB 446 and thereby permitting an educational service unit to also act as a fiscal agent on behalf of a cooperative of school districts. Your inquiry is whether such an amendment would be constitutionally sound.
We see no particular constitutional problem with such an amendment provided it states that the board of an educational service unit may also be designated as a fiscal agent to act on behalf of a cooperative of school districts. However, we wish to advise you that such amendment could give rise to a situation whereby the board of an educational service unit would act as a fiscal agent for a staff development policy board that is made up of representatives from school districts that are not included within the territory governed by that educational service unit board. That, of course, does not raise a constitutional issue but a serious policy issue to be determined by the Legislature.
Very truly yours, PAUL L. DOUGLAS Attorney General Harold Mosher Assistant Attorney General